■ In the Matter of the Claim of KENNETH MEIER, Appellant, v HAVILAND MOTORS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 21, 1983, which ruled that claimant's accident did not arise out of or in the course of his employment and denied his claim for benefits.

Claimant was injured in an automobile accident on May 27, 1978 and filed a claim for workers' compensation benefits, alleging that the accident arose out of and in the course of his employment with respondent Haviland Motors, Inc. (Haviland). Claimant contends that a prior decision in an arbitration proceeding under the no-fault provisions of the Insurance Law, which found that the vehicle was owned by Haviland at the time of the accident, precluded the Board, under the doctrine of collateral estoppel, from passing on the question of ownership of the vehicle. Based upon this contention, claimant argues that the Board's finding that the accident did not arise out of and in

the course of his employment with Haviland is irrational and unsupported by substantial evidence. We disagree.

Claimant was employed by Haviland, a used car dealer, on a part-time basis, preparing cars for sale and driving them to auctions. The vehicle at issue was purchased by Haviland at an auction and had dealer plates on it at the time of the accident. Claimant testified that Haviland had directed him to find a buyer for the car and that he was operating the vehicle in furtherance of that directive when the accident occurred. In its findings, the Board expressly found this testimony by claimant "not credible". The Board noted that the evidence showed that claimant had never before acted as a salesman or sold cars for Haviland, and further that claimant's last entry of working hours in the employer's time book was dated several months before the accident. The Board thereafter noted evidence in the record which indicated that the vehicle had been purchased by Haviland on behalf of claimant.

Assuming, *arguendo,* that the Board was precluded from finding that the vehicle was owned by claimant, the Board's decision cannot be disturbed since there remains a rational basis for its conclusion. The dispositive issue determined by the Board was whether claimant's accident arose out of and in the course of his employment, not who owned the vehicle. Once the Board rejected claimant's testimony that he was driving the vehicle in order to sell it for his employer, which was the only basis for claimant's assertion that the accident arose out of and in the course of his employment, the question of who owned the vehicle became irrelevant. The Board's finding that claimant was not acting as a salesman for Haviland is supported by substantial evidence, and its rejection of claimant's testimony to the contrary is within its power (see *Matter of Di Maria v Ross,* 52 NY2d 771). Thus, even if the portion of the Board's decision concerning the ownership of the vehicle were deleted, there remains a rational basis relied upon by the Board in its decision which supports its conclusion that claimant's accident did not arise out of and in the course of his employment. The decision must, therefore, be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.