■ BOARD OF EDUCATION OF THE MANHASSET UNION FREE SCHOOL DISTRICT, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to

section 298 of the Executive Law to review an order of the New York State Human Rights Appeal Board, dated December 30, 1983, which affirmed an order of the New York State Division of Human Rights, dated May 20, 1982, which found that petitioner had discriminated against the complainant because of her race and color by provoking her termination.

Order confirmed and proceeding dismissed, without costs or disbursements.

The agency's determination was supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72).

We reject petitioner's contention that the determination of the Unemployment Insurance Appeal Board that complainant had been terminated for her own misconduct barred her from bringing this proceeding.

The doctrines of *res judicata* and collateral estoppel, if applicable, give conclusive effect to the quasi-judicial determinations of administrative agencies (*Ryan v New York Tel. Co.,* 62 NY2d 494). However, certain conditions must be met before those doctrines apply: (1) an identity of issue necessarily decided in the prior proceeding which is decisive of the present action, and (2) a full and fair opportunity to contest the decision now said to be controlling (*Gilberg v Barbieri,* 53 NY2d 285; *Ryan v New York Tel. Co., supra*). As noted by the Court of Appeals:

"The question as to whether a party has had a full and fair opportunity to contest a prior determination cannot be reduced to a formula. It cannot, for instance, be resolved by a finding that the party against whom the determination is asserted was accorded due process in the prior proceeding (*People v Plevy,* 52 NY2d 58, 65, *supra*). The point of the inquiry, of course, is not to decide whether the prior determination should be vacated but to decide whether it should be given conclusive effect beyond the case in which it was made (see, e.g., Restatement, Judgments 2d [Tent Draft No. 3], § 88, Comment i).

"Thus we noted in [*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 72] that when collateral estoppel is in issue, the question as to whether a party had a full and fair opportunity to litigate a prior determination, involves a practical inquiry into 'the realities of litigation. A comprehensive list of the various factors which should enter into a determination whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the

competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation' (see, also, Restatement, Judgments 2d [Tent Draft No. 3], § 88)" (*Gilberg v Barbieri, supra,* p 292).

Complainant's allegation that she had been subjected to a racial slur was only briefly explored at the Unemployment Insurance Appeal Board hearing. In addition, no petitioner's witness with first-hand knowledge of the facts was present at that hearing, the size of the claim for unemployment compensation was small in comparison with complainant's current claims, and neither side was represented by counsel. The lack of counsel was particularly damaging to complainant, who was not highly educated. An additional factor working against the application of collateral estoppel is the fact that the New York State Division of Human Rights has jurisdiction over discrimination complaints (Executive Law, § 297, subd 1) and complainant could not have foreseen, under the facts present here, that an application for unemployment benefits would bar a subsequent antidiscrimination complaint. Thus, as a full and fair opportunity to litigate the racial slur allegation was not afforded complainant before the Unemployment Insurance Appeal Board, we conclude that neither the *res judicata* nor collateral estoppel doctrine should be applied here.

We have considered the petitioner's other arguments and find them to be lacking in merit. Thompson, J. P., O'Connor, Boyers and Lawrence, JJ., concur.