OPINION OF THE COURT
Herbert Kramer, J.
Does the decision of an arbitrator upholding a contractual just cause discharge of an employee after a compensable accident preclude the Workers’ Compensation Board (hereinafter WCB) hearing the issue of discriminatory discharge (Workers’ Compensation Law § 120)?
The CPLR article 78 petition alleges that: (1) the petitioner is the successor owner of certain premises; (2) that one William Caban was an employee at premises covered by a labor management agreement; (3) Caban was injured in the course of his employment; (4) that Caban was subsequently discharged by notice dated May 29, 1984 for just cause defined by the aforesaid agreement; (5) that the employee made claim to WCB of a retaliatory discharge, by letter dated July 2, 1984. The instant action then ensued seeking to preclude WCB from hearing the matter; and (6) that pursuant to the collective bargaining agreement, an arbitration hearing was held and a decision rendered. The arbitrator ruled that the discharge was *330 for good cause, which ruling was subsequently confirmed by this court. The confirmation decision found no consideration of a claim, raised or decided, of retaliatory discharge based on the compensable accident during the employment term.
DISCUSSION
This court holds that consideration of the issue of retaliatory discharge by a second tribunal is not precluded since the claim is one in the nature of a retaliatory firing which should, due to overriding public policy considerations, be determined in the statutorily mandated exclusive forum.
In determining the applicability of issue preclusion, the courts are directed to make a practical inquiry into the realities of litigation. Included would be the forum, size of the claim and foreseeability of future litigation (Gilberg v Barbieri, 53 NY2d 285).
Arbitration (Clemens v Apple, 65 NY2d 746; Ziegler v Raskin, 100 AD2d 814; Compton v D'Amore, 101 AD2d 800) and administrative determinations (Ryan v New York Tel. Co., 62 NY2d 494; Matter of Newsday, Inc. v Ross, 80 AD2d 1 [prior administrative agency ruling precludes subsequent agency]) may both be given preclusive effect provided they meet the standards of fairness set forth in Gilberg v Barbieri (supra). Arbitration, however, is well situated for contractual disputes, while comparatively inappropriate for the resolution of discriminatory claims (see, Alexander v Gardner-Denver Co., 415 US 36), thus, finding that a title VII (42 USC § 2000e et seq.) discrimination claim was not precluded by a prior labor management authorized arbitration proceeding.[1]
Congress placed major enforcement power in discrimination claims solely within the Federal courts. Legislative enactments in this area evince a general intent to accord parallel or overlapping remedies against discrimination. The court *331 discerned the severability of the contractual issue from the statutory claim, finding no inherent inconsistency would result. Similarly, neither waiver nor voluntary submission of the discrimination issue to arbitration is effective.
Likewise, our Court of Appeals has similarly noted in Matter of Axel v Duffy-Mott Co. (47 NY2d 1, 5) that the remedial purpose of Workers’ Compensation Law § 120 was "to insure that employees may exercise their rights under the compensation statutes without fear that doing so will prejudice them in their employment”.[2]
The court then paralleled Workers’ Compensation Law § 120 with the very statute dealt with by the Alexander v Gardner-Denver Co. (supra) court.[3]
Of primary significance, New York’s workers’ compensation statutory scheme like title VII rests jurisdiction solely in the WCB (O’Rourke v Long, 41 NY2d 219; Peckham v Peckham Materials Corp., 102 AD2d 884; Botwinick v Ogden, 59 NY2d 909; Liss v Trans Auto Sys., 109 AD2d 430).
Thus, this court holds a determination under Workers’ Compensation Law § 120 must be made by the WCB while any previous determination by another forum is of no preclusive effect on a section 120 issue (see, Restatement [Second] of Judgments § 84; cf. Hunt v OSR Chems., 85 AD2d 681; Matter of Meier v Haviland Motors, 105 AD2d 529).
Arbitration as a vehicle for dispute resolution, issue preclusion, and Workers’ Compensation Law § 120 are all expressions and manifestations of public policy. However, the extent of the public policy considerations underlying Workers’ Compensation Law § 120 can be discerned by the statutory provi *332 sion preventing a discriminating employer from purchasing indemnity insurance for his acts. Thus, this court holds the public policy underlying Workers’ Compensation Law § 120 overrides that of issue preclusion.
Finally, it should be clearly noted that the issue of a just cause discharge under the contract of employment is not identical to a discriminatory section 120 firing. A just cause discharge may additionally be a pretext for a discriminatory or retaliatory firing. Again, this should be determined only in the forum with expertise, the WCB.
What is the effect of the arbitrator’s determination? In Becton v Detroit Term. of Consol. Freightways (490 F Supp 464), the court determined the issue of retaliatory firing after a full and fair arbitration finding of no contractual violation. The court then found it was precluded as to the finding of a just cause discharge but determined whether the discharge was a discriminatory pretext under title VII.
In a modification, the Sixth Circuit (687 F2d 140, cert denied 460 US 1040) found that the lower court was too narrowly circumscribed by the arbitrator’s decision. The Court of Appeals allowed that the arbitration decision was significant and might be persuasive evidence of just discharge. The determination is sufficient to carry the employer’s burden of articulation of a legitimate nondiscriminatory reason for the discharge. It does not, however, conclusively determine that issue. The court suggests that the WCB be guided by the Sixth Circuit in its determination of like issues.[4]
Petition denied.

. "A further concern is the union’s exclusive control over the manner and extent to which an individual grievance is presented * * * In arbitration, as in the collective-bargaining process, the interests of the individual employee may be subordinated to the collective interests of all employees in the bargaining unit * * * Moreover, harmony of interest between the union and the individual employee cannot always be presumed, especially where a claim of racial discrimination is made * * * And a breach of the union’s duty of fair representation may prove difficult to establish * * * In this respect, it is noteworthy that Congress thought it necessary to afford the protections of Title VII against unions as well as employers” (see, Alexander v Gardner-Denver Co., 415 US 36, 58, n 19).

. "[W]e first note section 120’s self-evident purpose — to insure that employees may exercise their rights under the compensation statutes without fear that doing so will prejudice them in their employment * * * As with retaliation statutes generally, it also may be said to promote the integrity of board proceedings by encouraging employees to speak openly and honestly at compensation hearings, whereas unremedied retaliation tends to stifle not only the particular employee against whom it is directed but all others who become aware of the fact that reprisal can be taken with impunity” (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 5-6).

. "There is a growing universality of legislative concern for combating coercion of the kind here alleged both within our State (e.g., Executive Law, § 296, subd 1, par [e]; Administrative Code of City of New York, § Bl-7.0, subd 7), and without (e.g., Civil Rights Act of 1964, tit VII, § 704, subd [a], US Code, tit 42, § 2000e-3, subd [a]; Ill Ann Stat, ch 48, § 853, subd [d]; Minn Stat Ann, § 363.03, subd 7, par [1]; Pa Stat Ann, tit 43, § 955, subd [d])” (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6, n 2; italics added).

. In view of its decision the court does not determine: (1) The effect of that portion of the decision confirming the arbitration award as to the discretionary determination of law of the case. (See generally, Cherry v Koch, 129 Misc 2d 346); nor (2) The effect of the denomination of petitioner as a successor and that the respondent was not a party to the original proceeding. (See generally, Siegel, NY Prac, ch 17.)