■ CHRISTOPHER URYEVICK, Respondent, v PEPCOM INDUS-TRIES, INC., Appellant.—In an action to recover damages, *inter alia,* for an allegedly unlawful discriminatory discharge from employment, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered April 28, 1988, as denied that branch of its motion which was for summary judgment dis-missing the third cause of action alleged in the plaintiff's complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Christopher Uryevick began his employment with the defendant Pepcom Industries, Inc., in September 1983. Sometime in May 1985, the plaintiff sustained a job-related injury, causing him to be out of work for approxi-mately two months. The plaintiff was found to be fit to return to his employment on July 29, 1985, and in fact worked his regular nine-hour shift on this day. The next day, July 30, 1985, as his regular shift was coming to an end, the plaintiff was asked by his immediate supervisor to remain and work 1 to 2 hours of overtime. The plaintiff refused, claiming that he still did not feel "one hundred percent", and left after finish-ing his regular shift. When the plaintiff arrived at work on July 31, 1985, he was informed that he was terminated because of his refusal to comply with his supervisor's request to work overtime. In November 1985, an arbitration hearing was held pursuant to the union contract resulting in a deter-mination that the plaintiff's discharge from employment was

for just cause. Thereafter, the plaintiff commenced the instant action claiming, among other things, that he was discharged solely because of a physical impairment. In response, the defendant moved for summary judgment dismissing the complaint. The court, finding material issues of fact in need of determination, denied the motion. We affirm.

We find that contrary to the defendant's contentions, the determination of the arbitrator did not preclude the plaintiff from commencing a separate, independent action based on unlawful discrimination in employment. Although generally an arbitrator's award is given preclusive effect in a subsequent judicial proceeding *(see, Clemens v Apple,* 65 NY2d 746; *Ryan v New York Tel. Co.,* 62 NY2d 494), arbitration is an inappropriate forum for the disposition of an employment discrimination claim *(see, McDonald v City of W. Branch,* 466 US 284; *Alexander v Gardner-Denver Co.,* 415 US 36; *Board of Educ. v New York State Human Rights Appeal Bd.,* 106 AD2d 364; *see generally, Matter of W & G Ltd. v Workers' Compensation Bd.,* 131 Misc 2d 329). In this regard it should be noted that the arbitrator's sole task is to effectuate the intent of the parties in connection with the collective-bargaining agreement, and not to consider a statutory claim of discrimination *(see, Alexander v Gardner-Denver Co., supra).* The violation of these contractual and statutory rights by the same factual occurrence does not vitiate their separate nature *(see, Alexander v Gardner-Denver Co., supra).*

The defendant did not meet its burden of demonstrating entitlement to judgment as a matter of law *(Alvarez v Prospect Hosp.,* 68 NY2d 320). While the Human Rights Law (Executive Law § 296 [1]) prohibits employers from discriminating against an individual who is disabled, a person whose condition prohibits him from performing employment duties of the position in question in a "reasonable manner" (Executive Law § 292 [21] [c]) is not considered disabled under the statute *(see, Matter of Caminiti v New York City Tr. Auth. Police Dept.,* 125 AD2d 306). As correctly noted by the Supreme Court, it is not clear from the record whether the plaintiff was able to perform his duties in a reasonable manner and therefore, summary judgment was properly denied *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252; *Zuckerman v City of New York,* 49 NY2d 557). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.