■ DONALD BARRETT, Appellant, v CITY OF NEW YORK et al., Respondents.—Order of Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 6, 1990, which granted defendants' motion to dismiss plaintiff's complaint with prejudice on the grounds that the claims were barred by res judicata, unanimously affirmed, without costs.

Plaintiff, a former New York City probationary police officer, brought this plenary action to recover money damages for his allegedly wrongful and discriminatory dismissal. During his probationary period, plaintiff was arrested for driving while intoxicated and subsequently pleaded guilty. Plaintiff was suspended and later dismissed. In April 1988, he brought a CPLR article 78 proceeding in which Justice Baer found that his dismissal was neither arbitrary nor capricious.

Maintenance of this action is barred under the doctrine of res judicata *(O'Brien v City of Syracuse,* 54 NY2d 353). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse, supra,* at 357). Plaintiff had an opportunity to fully litigate the issue of his discharge in the article 78 proceeding. His failure then to raise a claim of discrimination precludes him from doing so now. *(County of Nassau v New York State Pub. Employment Relations Bd.,* 151 AD2d 168.) Nor does plaintiff's present demand for monetary damages, a remedy not previously sought, afford him a second opportunity to obtain substantially the same relief denied him in the prior proceeding. *(See, Yerg v Board of Educ.,* 141 AD2d 537.) Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.