■ SACHIN K. PAL, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Order of the Supreme Court, New York County (Arber, J.), entered October 29, 1990, denying petitioner's application to annul the determination of respondent Commissioner of the New York State Department of Health which *inter alia,* found petitioner in violation of Public Health Law § 3370 (2) and § 3390 (2) and 10 NYCRR 80.100 (b), (d) and 80.123, and assessed a civil penalty against petitioner in the amount of $1,000, and dismissed the petition, is hereby modified, on the law to grant the petition only to the extent of annulling that portion of respondent's determination which found petitioner in violation of Public Health Law § 3390 (2), and the order is otherwise affirmed, without costs.

The IAS Court correctly noted that the petition is barred by the application of the doctrine of *res judicata,* insofar as it sought to annul the agency's determination upon the ground that petitioner was not required to produce patient records pursuant to Public Health Law § 3370 (2), absent service of a subpoena by respondent. Petitioner had a full and fair opportunity to litigate that issue in his prior CPLR article 78 proceeding where the issue was clearly decided adversely to him. *(See, O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Barrett v City of New York,* 166 AD2d 241.) However, to the extent that the petition raises issues not otherwise considered or necessarily determined in the prior proceeding, there is some merit to the petition.

Petitioner argues that respondent's determination is arbitrary, inasmuch as the patient records sought by respondent, in connection with its investigation of petitioner's practices in prescribing controlled substances, do not fall within the ambit of Public Health Law § 3370 (2) and § 3390 (2). Section 3370 (2) requires that inspection be permitted of any records "required to be kept" (§ 3370 [1]) pursuant to article 33. Pursuant to (10 NYCRR) section 80.62 (b) of the regulations promulgated under article 33 of the Public Health Law, practitioners are

required to maintain written patient records with respect to the administration, dispensing and prescription of controlled substances. However, such records need not necessarily be distinct from the medical records of such patients (10 NYCRR 80.62 [b]). Thus, petitioner's wilful refusal to allow respondent access to such records was properly deemed to be a violation of Public Health Law § 3370 (2).

However, subdivision (2) of Public Health Law § 3390, permits revocation or partial revocation of any license or certificate of approval upon a finding that the holder, "wilfully failed to furnish the department with timely reports or information required to be filed with the department". The patient records sought here do not constitute reports or information otherwise required to be filed and therefore do not fall within the ambit of this provision. Thus, there was no basis for respondent to find petitioner in violation of subdivision (2) of Public Health Law § 3390, and to that extent, respondent's determination must be annulled. Moreover, the record indicates that petitioner was charged only with violating section 3370 (2) and its corresponding regulations at the time of the first article 78 proceeding. Consequently, he would not have had a full and fair opportunity to litigate the applicability of section 3390 (2). Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.