■ GREGORY SHEKHMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [655 NYS2d 1023] —In an action to recover damages for libel and discrimination based on the plaintiff's national origin and religion, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated December 20, 1995, which granted the defendants' cross motion to dismiss the complaint and denied as moot his motion for leave to file a late notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff claims that the defendants committed libel when they published threatening statements that he allegedly made to a supervisor, for which he was suspended from his employment with the defendant New York City Transit Authority for 20 days. He claims that disciplinary actions were

taken against him because of his Russian heritage and his Jewish faith. The plaintiff initiated an arbitration proceeding to appeal his suspension. After the arbitration hearing, in which he was represented by counsel and testified in his own behalf, the arbitration panel sustained the charges against him, but reduced his suspension to one day. The plaintiff now contends that he did not have a full and fair opportunity to litigate his claims that disciplinary actions were taken against him because of his national origin and religion.

Contrary to the plaintiff's contention, he had a full and fair opportunity to litigate his claims in the arbitration proceeding, which he initiated and in which he participated in order to challenge the charges against him, and to alter the penalty imposed. According to collateral estoppel principles, he is now barred from relitigating his contentions that the defendants libeled him and discriminated against him. Accordingly, the dismissal of his complaint was proper (see, Ryan v New York Tel. Co., 62 NY2d 494; cf., Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.