■ PHYLLIS THOMAS, Respondent, v CITY OF NEW YORK et al., Appellants. [657 NYS2d 634] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about December 1, 1995, which, to the extent appealed from, denied defendants' motion to dismiss, on grounds of res judicata and collateral estoppel, the claims asserted under 42 USC § 1983, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff's 42 USC § 1983 claims should have been dismissed in accordance with the doctrines of res judicata and collateral estoppel, insofar as they sought damages for loss of pay due to termination of employment or for denial of tenured position, and, with regard to the remainder of such claims, for failure to state a cause of action.

In plaintiff's prior CPLR article 78 proceeding, the court held that she had no entitlement to the position of correction officer; that her probationary status permitted termination without a hearing and that such termination was not a deprivation of a property right; that the termination did not constitute discrimination against a disabled person; and that the termination was not arbitrary, capricious or in bad faith, despite her allegation that her supervisor assigned her to improper tasks, given her physical condition, which resulted in her reinjury and ultimately in the termination of her employment. She contends that her current section 1983 claims are different in that she seeks money damages for alleged physical and emotional injuries due to defendants' deliberate conduct in violation of her constitutional and civil rights, i.e., assigning her to duties in contravention of their own medical restrictions.

Plaintiff's contention must fail because New York's transactional approach to res judicata issues disallows other claims arising out of the same transaction or series of transactions, once a claim has been finally determined on the merits in a proceeding where the opponent of preclusion has had a full and fair opportunity to litigate the claim. This rule applies to claims actually litigated or that could have been litigated, and despite the fact that the claims are based on a different theory or seek a different remedy (*Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263, 264-265, *lv denied* 85 NY2d 804; *Barrett v City of New York*, 166 AD2d 241; *see also, Matter of Reilly v Reid*, 45 NY2d 24). Moreover, it has been held that where an article 78 determination has been made that an employee is

not entitled to reinstatement to a governmental position, such determination is res judicata as to subsequent actions seeking, on different theories, reinstatement or damages for removal from the position (*see, Pauk v Board of Trustees,* 111 AD2d 17, *affd* 68 NY2d 702; *Matter of Reilly v Reid, supra; Barrett v City of New York, supra*).

Plaintiff's claims of disability due to work-related injury were precluded by her claim and acceptance of Workers' Compensation benefits, which constituted an election of remedies (*see, Bardere v Zafir,* 102 AD2d 422, 424, *affd* 63 NY2d 850).

While plaintiff's claims in the first, second and fifth causes of action, for money damages for work-related injury and pain and suffering, are not precluded by res judicata, since such relief was not available under article 78 (*see, Liu v New York City Police Dept.,* 216 AD2d 67, 68, *lv denied* 87 NY2d 802, *cert denied* 517 US 1167), these personal injury claims by a governmental employee for damages caused by another governmental employee do not state a claim pursuant to 42 USC § 1983 (*see, Collins v Harker Hgts.,* 503 US 115, 128; *McClary v O'Hare,* 786 F2d 83, 88-89). Concur—Sullivan, J. P., Nardelli, Williams and Tom, JJ.