■ DONALD COOKS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [734 NYS2d 207] —In an action, *inter alia,* pursuant to Executive Law § 296 to recover damages for wrongful discharge from employment based upon race, the plaintiff appeals, as limited by his brief, from so much of an or-

der of the Supreme Court, Kings County (Hutcherson, J.), dated November 27, 2000, as granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for wrongful discharge from employment based upon race, and denied his cross motion for leave to amend the complaint to add a cause of action to recover damages for wrongful discharge from employment based upon disability.

Ordered that the order is affirmed insofar as appealed from, with costs.

A prior arbitration award, which was confirmed by the Supreme Court, determined that the plaintiff was guilty of misconduct justifying his discharge from employment. Thus, in this action, the plaintiff was precluded from relitigating any matter litigated in the prior arbitration proceeding, including whether the misconduct actually occurred (*see, Matter of Metro-N. Commuter R. R. Co. v New York State Executive Dept. Div. of Human Rights,* 271 AD2d 256; *Shekhman v New York City Tr. Auth.,* 237 AD2d 592; *Uryevick v Pepcom Indus.,* 155 AD2d 450).

Once the defendant established that it had valid, nondiscriminatory reasons for discharging the plaintiff from employment, the burden shifted to the plaintiff to raise a triable issue of fact as to whether the stated reasons for his discharge were pretextual for racial discrimination (*see, Hall v Paladino,* 210 AD2d 595). The plaintiff failed to do so. Therefore, the Supreme Court properly granted that branch of the defendant's. motion which was for summary judgment dismissing the cause of action to recover damages for wrongful discharge from employment based upon race.

The plaintiff's remaining contentions are without merit. Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.