■ STEVEN DiLAURIA, Appellant, v TOWN OF HARRISON et al., Respondents. [820 NYS2d 140]—

In an action, inter alia, to recover damages for discrimination based upon disability pursuant to the New York State Human Rights Law (Executive Law art 15), the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated May 24, 2004, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss his second cause of action on the ground of collateral estoppel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the plaintiff's second cause of action on the ground of collateral estoppel is denied, and the second cause of action is reinstated.

The plaintiff commenced this action against, among others, the Town of Harrison and the Village of Harrison, alleging in his second cause of action that the termination of his employment as a police officer constituted discrimination in violation of the New York State Human Rights Law (Executive Law art 15; *see* Executive Law § 296 [1]). The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action on the ground of collateral estoppel. We reverse and reinstate that cause of action.

"[C]ollateral estoppel effect will only be given to matters 'actually litigated and determined' in a prior action" or proceeding (*Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 456 [1985]; *see Chambers v City of New York,* 309 AD2d 81, 85 [2003]; *Morelli v Giglio,* 143 AD2d 986 [1988]). Because the issues of discrimination raised by the plaintiff in this action, as well as the issues concerning the damages recoverable as a consequence, were not actually litigated in the plaintiff's prior CPLR article 78 proceeding, he cannot be collaterally estopped from litigating them here (*see Board of Educ. of Manhasset Union Free School Dist. v New York State Human Rights Appeal Bd.,* 106 AD2d 364 [1984]; *see also Grovesteen v New York State Pub. Empls. Fedn., AFL-CIO,* 265 AD2d 784 [1999]; *Crespo v 160 W. End Ave. Owners Corp.,* 253 AD2d 28 [1999]; *cf. Barrett v City of New York,* 166 AD2d 241 [1990]).

The alternative ground urged by the defendants for affirmance is that the plaintiff's Human Rights Law cause of action is barred by res judicata. This claim is not properly before us, as it is raised for the first time on appeal (*see Gammal v La Casita Milta,* 5 AD3d 630 [2004]; *Sandoval v Juodzevich,* 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin,* 291 AD2d 537 [2002]; *Weber v Jacobs,* 289 AD2d 226 [2001]). In any event, the claim is without merit. The plaintiff's Human Rights Law cause of action does not seek the restoration of any economic benefits derivable from his status as a police officer, which is the only monetary relief that was available in his prior CPLR article 78 proceeding (*see* Civil Service Law § 77; *Van Buskirk v Bleiler,* 46 AD2d 707, 707-708 [1974]; *see also Mauro v Village of Freeport,* 143 AD2d 75, 76 [1988]). Rather, his prayer for relief seeks unspecified monetary damages for economic loss and emotional

distress (*see* Executive Law § 297 [4] [c]; [9]; *Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights,* 35 NY2d 143, 145 [1974]; *State Commn. for Human Rights v Speer,* 29 NY2d 555, 557 [1971]; *Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766 [1983]) and, as a consequence, there is no identity between the claim asserted in the prior CPLR article 78 proceeding and the instant action (*see Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 347-348 [1999]). Hence, the plaintiff's Human Rights Law cause of action is not barred by res judicata (*id.; cf. Matter of Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783, 786 [1993]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.