■ JEFFREY CHIARA, Appellant, v TOWN OF NEW CASTLE et al., Respondents. [878 NYS2d 755]—

In an action to recover damages for discrimination, disparate treatment, and hostile work environment, pursuant to the New York State Human Rights Law (Executive Law § 296), the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 16, 2007, as granted the defendants' motion for summary judgment "to the extent that the portions of the amended complaint as pertain to the charges sustained in [a prior] disciplinary action are stricken," and as denied his cross motion for leave to amend his amended complaint to add a claim for retaliation based upon his termination from his employment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The doctrine of collateral estoppel bars "a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984]). Collateral estoppel applies only if "(1) the issue sought to be precluded is identical to a material issue necessarily decided by the administrative agency in a prior proceeding; and (2) there was a full and fair opportunity to contest this issue in the administrative tribunal" (*Jeffreys v Griffin,* 1 NY3d 34, 39 [2003]).

The Supreme Court properly invoked the doctrine of collateral estoppel and granted the defendants' motion to the extent of striking those portions of the amended complaint as pertained to the issues of misconduct and retaliation which had been litigated and sustained in the prior disciplinary proceeding (*see Cooks v New York City Tr. Auth.,* 289 AD2d 278 [2001]). We note, however, that so much of the amended complaint as was predicated upon violation of the New York State Human Rights Law (Executive Law § 296), and which alleged discrimination, disparate treatment, and hostile work environment, was not subject to dismissal based upon the doctrine of collateral estoppel (*see DiLauria v Town of Harrison,* 32 AD3d 490 [2006]).

The plaintiff's remaining contentions are without merit (*see Matter of Chiara v Wells,* 61 AD3d 973 [2009] [decided herewith]). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.