■ In the Matter of Jeffrey Chiara, Petitioner, v Janet L. Wells, Supervisor, Town of New Castle, et al., Respondents.
[877 NYS2d 464]—

Proceeding pursuant to CPLR article 78 to review a determination of the Town of New Castle dated March 29, 2007, which adopted the recommendation of a hearing officer dated March 23, 2007, made after a hearing, finding the petitioner guilty of five charges of misconduct and terminating his employment as a motor equipment operator with the Town of New Castle.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner failed to allege sufficient facts to show that the initiation of the disciplinary charges was in retaliation for his commencement of a lawsuit against the Town of New Castle and the Town Administrator. The determination that the petitioner was guilty of misconduct is supported by substantial evidence in the record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-182 [1978]; CPLR 7803 [4]). Further, the penalty of dismissal is not " 'so disproportionate to the offense[s] as to be shocking to one's sense of fairness' thus constituting an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.,* 2 NY3d 775, 776 [2004], quoting *Matter of Pell v Board of Educ.*

*of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]; *see Matter of Torrance v Stout,* 9 NY3d 1022, 1023 [2008]; *Matter of Thomas v County of Rockland, Dept. of Hosps.,* 55 AD3d 745, 746 [2008]). Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.