■ Julio Caban, Appellant, v New York Methodist Hospital, Respondent. [989 NYS2d 313]—

In an action to recover damages for unlawful discrimination in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-107), the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 28, 2012, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Beginning in 2001, the plaintiff was employed as a security guard by the defendant. In May 2007, the plaintiff was diagnosed with cancer, and requested and received from the defendant a 14-month leave of absence. He returned to work with medical clearance in June 2008. Nearly two years later, in February 2010, the defendant terminated the plaintiff's employment on the basis of excessive and patterned absences. The plaintiff's union filed a grievance on his behalf pursuant to a collective bargaining agreement, and the grievance proceeded to arbitration. Following an arbitration hearing, an arbitrator found just cause for the termination.

The plaintiff then commenced this action, alleging that the defendant violated the New York City Human Rights Law (Administrative Code of City of NY § 8-107) by failing to accommodate his disability. Specifically, he claimed that the defendant should have excused his absences and provided him with additional sick days on the basis of his medical condition. The defendant moved for summary judgment dismissing the complaint,

and the Supreme Court granted the motion. The Supreme Court concluded, in effect, that the complaint was barred by the doctrine of collateral estoppel because the plaintiff had raised the issue of his prior cancer treatment at the arbitration hearing, and the arbitrator upheld his termination. We affirm on a different ground.

An arbitrator's award may be given preclusive effect in a subsequent judicial proceeding (see *Nachum v Ezagui*, 83 AD3d 1017, 1018-1019 [2011]; *Ippolito v TJC Dev., LLC*, 83 AD3d 57, 71-72 [2011]; *Uryevick v Pepcom Indus.*, 155 AD2d 450 [1989]). However, arbitration is an inappropriate forum for the disposition of an employment discrimination claim where "the arbitrator's sole task is to effectuate the intent of the parties in connection with the collective-bargaining agreement, and not to consider a statutory claim of discrimination . . . The violation of these contractual and statutory rights by the same factual occurrence does not vitiate their separate nature" (*Uryevick v Pepcom Indus.*, 155 AD2d 450, 451 [1989] [citation omitted]; see *Alexander v Gardner-Denver Co.*, 415 US 36, 56-58 [1974]; *DiLauria v Town of Harrison*, 32 AD3d 490, 491-492 [2006]). Thus, the arbitrator's decision did not have preclusive effect on the plaintiff's separate action based on unlawful discrimination in employment (see *Chiara v Town of New Castle*, 61 AD3d 915, 916 [2009]; *Uryevick v Pepcom Indus.*, 155 AD2d 450 [1989]), and the complaint is not barred by the doctrine of collateral estoppel.

However, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The New York City Human Rights Law prohibits an employer from discriminating against an individual who is disabled (see Administrative Code of City of NY § 8-107 [15]). Here, the defendant met its burden of demonstrating entitlement to judgment as a matter of law by offering evidence that the plaintiff was not suffering from a disability that would require accommodation at the time of his discharge (see Administrative Code of City of NY § 8-107 [15]) and, in any event, there was a legitimate, nondiscriminatory reason for his termination of employment (see *Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d 924, 926 [2012]; *Furfero v St. John's Univ.*, 94 AD3d 695, 697 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.