Mouscardy v Consolidated Edison Co. of N.Y., Inc. (2020 NY Slip Op 03656)





Mouscardy v Consolidated Edison Co. of N.Y., Inc.


2020 NY Slip Op 03656


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-14239
 (Index No. 4431/08)

[*1]Gary Mouscardy, respondent, 
v
Consolidated Edison Company of New York, Inc., et al., appellants.


Christopher D'Angelo, New York, NY (Richard A. Levin of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendants appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered August 30, 2018. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court dated May 15, 2017, denying the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order entered August 30, 2018, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to the determination in the order dated May 15, 2017, denying that branch of the defendants' motion which was for summary judgment dismissing claims of discrimination based on acts occurring prior to February 20, 2005, and substituting therefor a provision, upon reargument, vacating that portion of the order dated May 15, 2017, and thereupon granting that branch of the defendants' motion; as so modified, the order entered August 30, 2018, is affirmed insofar as appealed from, without costs or disbursements.
On February 18, 2005, the plaintiff, who was employed by the defendant Consolidated Edison Company of New York, Inc. (hereinafter the company), was involved in an on-duty motor vehicle accident. Pursuant to company policy, the plaintiff was required to submit to a drug test. The plaintiff, at a company facility, gave a urine sample collected by a representative of a third-party drug testing agency. The representative determined that the sample was out of temperature range and requested that the plaintiff give a second urine sample under direct observation. The plaintiff refused, and, six days later, his employment was terminated. The plaintiff's union commenced a grievance concerning the matter, which proceeded to arbitration. After a hearing, the arbitrator found that the company had reasonable cause to terminate the plaintiff's employment.
The plaintiff commenced an action against the defendants and, in an amended complaint, asserted causes of action to recover damages under, inter alia, the New York City Human Rights Law (Administrative Code of City of NY § 8-107; hereinafter NYCHRL) and the New York State Human Rights Law (Executive Law § 296; hereinafter NYSHRL). The defendants moved for summary judgment dismissing the amended complaint, arguing that the plaintiff's claims of discrimination that allegedly occurred prior to February 20, 2005, were untimely, and that the arbitrator's award had preclusive effect on the plaintiff's claims. The Supreme Court denied the motion. The defendants then moved pursuant to CPLR 2221(d) for leave to reargue the motion, arguing that the court misapprehended the arguments made in the original motion. The court granted leave to reargue but, upon reargument, adhered to its original determination. The defendants appeal.
We agree with the defendants that the plaintiff's claims of discrimination are untimely to the extent they are alleged to have occurred outside the statute of limitations. Actions alleging discrimination under the NYSHRL and NYCHRL must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment (see CPLR 214[2]; Administrative Code § 8-502[d]; Mejia v T.N. 888 Eighth Ave. LLC Co., 169 AD3d 613, 613-614). The plaintiff commenced this action on February 20, 2008. Thus, his allegations of matters occurring before February 20, 2005, are time-barred (see Santiago-Mendez v City of New York, 136 AD3d 428, 428).
We agree with the Supreme Court, however, that the arbitrator's award did not have preclusive effect on the plaintiff's claims. An arbitrator's award may be given preclusive effect in a subsequent judicial proceeding (see Nachum v Ezagui, 83 AD3d 1017, 1018-1019; Chiara v Town of New Castle, 61 AD3d 915, 916; Cooks v New York City Tr. Auth., 289 AD2d 278, 279). However, "arbitration is an inappropriate forum for the disposition of an employment discrimination claim where the arbitrator's sole task is to effectuate the intent of the parties in connection with the collective-bargaining agreement, and not to consider a statutory claim of discrimination . . . The violation of these contractual and statutory rights by the same factual occurrence does not vitiate their separate nature'" (Caban v New York Methodist Hosp., 119 AD3d 717, 718, quoting Uryevick v Pepcom Indus., 155 AD2d 450, 451). Thus, the arbitrator's decision did not have preclusive effect on the plaintiff's separate action based on unlawful discrimination in employment (see Von Maack v Wyckoff Hgts. Med. Ctr., 140 AD3d 1055, 1056; Caban v New York Methodist Hosp., 119 AD3d at 718), and the complaint is not barred by the doctrine of collateral estoppel.
The defendants' remaining contentions are without merit.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court