Matter of Shchukin House OU v Frolova (2022 NY Slip Op 03703)

Matter of Shchukin House OU v Frolova

2022 NY Slip Op 03703

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 153315/21 Appeal No. 16084 Case No. 2022-00740 

[*1]In the Matter of Shchukin House OU et al., Petitioners-Appellants,
v
Irina Frolova, Defendant-Respondent, Vladislav Gershkovich et al., Defendants.

Weingrad & Weingrad P.C., New York (Stephen Weingrad of counsel), for appellants.
Irina Frolova, New York, respondent pro se.

Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about October 6, 2021, to the extent it granted respondent Irina Frolova's motion to dismiss the petition, unanimously affirmed, and appeal therefrom otherwise dismissed, without costs, as petitioners are not aggrieved by that part of the order.
The motion court correctly ruled that this proceeding is barred by the doctrine of res judicata (see Thomas v City of New York, 239 AD2d 180 [1st Dept 1997]). Petitioners seek to enforce, among other things, the debt restructuring agreement at issue in Gershkovich v Shchukin Gallery Inc. (2018 NY Slip Op 32212[U] [Sup Ct, NY County 2018], affd 173 AD3d 641 [1st Dept 2019]), where Gershkovich was granted summary judgment on his claim that Shchukin Gallery Inc., an appellant herein, had breached the agreement. That determination has preclusive effect here (see Methal v City of New York, 50 AD3d 654, 656 [2d Dept 2008]).
Petitioners' appeal from the part of the order that imposed sanctions on their counsel is dismissed because petitioners are not aggrieved by that part of the order (Scopelliti v Town of New Castle, 92 NY2d 944 [1998]; Logan v Pula 200, LLC, 166 AD3d 871 [2d Dept 2018]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022