■ MARTIN LEWIS, Appellant, v SOLOMON BENDET et al., Respondents.— In an action to recover damages for breach of defendants' duty of fair representation, plaintiff appeals from an order of the Supreme Court, Queens County, dated October 25, 1978, which (1) dismissed the complaint as against defendants Bendet and the New York City Chapter of the Civil Service Employees Association, Inc., for lack of jurisdiction and (2) dismissed the complaint against the other defendants as being barred by collateral estoppel. Order modified by (1) adding to the first decretal paragraph thereof, immediately after the word "granted", the following: "as to defendants Solomon Bendet and New York City Chapter of the Civil Service Employees Association, Inc." and (2) deleting the third decretal paragraph thereof. As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for a new determination of the motion as to the remaining defendants in accordance herewith. In the instant action, plaintiff essentially alleges that his union, the Civil Service Employees Association (CSEA), breached its duty to fairly represent him regarding his discharge from employment with the New York State Office of Drug Abuse Services. The defendants moved pursuant to CPLR 3211 to dismiss the complaint on the grounds that: (1) personal jurisdiction was not acquired as to defendants Bendet and the New York City Chapter of the CSEA; (2) the action is barred by collateral estoppel; (3) the complaint fails to state a cause of action; and (4) plaintiff failed to join a necessary party. Special Term granted the motion based upon the first two grounds, apparently

without reaching the questions of whether a cause of action was stated and whether there was improper joinder. It is patent that personal jurisdiction was not obtained over defendants Bendet and the New York City Chapter of the CSEA and therefore that branch of the motion was properly granted. However, the present action is not barred by collateral estoppel and therefore the complaint may not be dismissed on this basis. The essential purpose of the doctrine of collateral estoppel is to prevent the relitigation of issues which have been fully contested and resolved. The two primary elements are identity of issue and a full and fair opportunity to contest the allegedly controlling decision. The defendants seek to bar the instant action by relying on the decision in a prior action where the plaintiff brought a direct suit against the State of New York (*Matter of Lewis v Klepak,* Supreme Ct, Albany County, Sept. 19, 1977, Hughes, J., affd 65 AD2d 637, mot for lv to app den 46 NY2d 711). That proceeding was dismissed because of the plaintiff's failure to exhaust his administrative remedies. The decisions at Special Term and at the Appellate Division make clear that regardless of whether the union breached its duty of representation, the plaintiff could have personally initiated the grievance procedures and it was this personal failure that constituted the failure to exhaust his administrative remedies. Thus, although plaintiff argued that his action was grounded on the union's failure to represent him, the merits of this issue have never been resolved. Therefore, there can be no collateral estoppel effect in the instant action against the CSEA for its alleged breach of the duty to fairly represent the plaintiff. The action is therefore remanded to Special Term for determination of the remaining branches of defendants' motion and for such further proceedings as may be necessary. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.