■ In the Matter of WALTER MOTOR TRUCK COMPANY, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, filed February 1, 1979, affirming an order of the State Division of Human Rights, filed November 21, 1977, finding petitioner in violation of section 296 of the Human Rights Law (Executive Law, art 15), and a cross motion by the State Division of Human Rights for an order of enforcement. Complainant was hired by petitioner on June 30, 1976 as a shipping clerk although she was initially assigned to inventory work. On July 23, 1976, she was dismissed from her employment after working some 10 days as a shipping clerk. Petitioner allegedly terminated complainant on the basis of her performance in the shipping department. A verified petition was filed by complainant with the State Division of Human Rights alleging discrimination by petitioner in violation of section 296 (subd 1, par [a]) of the Executive Law. After a hearing, the State Division of Human Rights determined that petitioner discriminated against complainant because of her race and color in the terms, conditions and privileges of her employment, and by terminating complainant, in violation of the Human Rights Law and ordered, *inter alia,* that petitioner pay complainant back pay from the date of her termination. The State Human Rights Appeal Board affirmed the decision and order of the State Division of Human Rights and, in the present proceeding, petitioner seeks reversal of the board's determination contending that it is capricious and not supported by substantial evidence. In resolving the substantial evidence issue, three principles recently enumerated by the Court of Appeals should be considered: "the statute is to be 'construed liberally for the accomplishment of the purposes thereof' (Executive Law, § 300); wide powers have been vested in the commissioner in order that he effectively eliminate specified unlawful discriminatory practices [citations omitted]; and discrimination is rarely so obvious or its practices so overt that recognition of it is instant and conclusive, it being accomplished usually by devious and subtle means". *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 183). Upon a review of the record, it appears that at the time complainant was hired, petitioner was seeking minority employees in order to report compliance with its affirmative action program on its annual equal employment opportunity report. Complainant was hired on the last day of petitioner's fiscal year and, thus, was included in the report. She was terminated a short time after the report was filed. In support of petitioner's contention that complainant was discharged for poor performance, petitioner's stockroom foreman testified that complainant could not run the table saw. He also testified that he never observed complainant running the table saw. Complainant testified that she did use the table saw. Petitioner's production manager testified that claimant was not making significant progress in learning how to make crates. He further testified that no one ever showed complainant how to make a crate. Complainant testified that she in fact made four crates in the time she was employed. Although the production manager and the stockroom foreman were responsible for complainant's termination, the production foreman, after outlining complainant's duties, could not state whether she was doing any of them in a satisfactory or unsatisfactory manner. After a thorough examination of the record, it is the opinion of this court that there is substantial evidence to support the board's determination and, therefore, it

should be confirmed. Petitioner also maintains that the award of back pay was arbitrary and capricious and not supported by substantial evidence. This argument is based on the theory that complainant failed to produce evidence that she attempted to mitigate her damages by seeking other employment. We are of the view, however, that the burden of proving a lack of diligent effort to mitigate damages was upon the petitioner (cf. *Cornell v T. V. Dev. Corp.*, 17 NY2d 69, 74; 13 NY Jur, Damages, § 32, pp 464-465). Petitioner having failed in this burden, the award of back pay was proper. Determination confirmed, and petition dismissed, with costs, and cross motion of the State Division of Human Rights granted. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.