FOURTH DEPARTMENT, MARCH, 1998

(March 13, 1998)

■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of ROSE MICILLO, Petitioner, v WACKENHUT CORPORATION, Respondent. [670 NYS2d 134] —Determination unanimously confirmed without costs, petition dismissed and cross petition granted. Memorandum: The determination of the New York State Commissioner of Human Rights (Commissioner) that respondent, the Wackenhut Corporation (Wackenhut), discriminated against complainant by terminating her employment as a security guard in retaliation for her prior complaints of gender discrimination is supported by substantial evidence (*see,* Executive Law § 298; *Matter of Consolidated Edison Co. v State Div. of Human Rights [Easton]*, 77 NY2d 411, 415, *rearg denied* 78 NY2d 909). Complainant established a prima facie case of retaliation (*see, Matter of Milonas v Rosa*, 217 AD2d 825, 825-826, *lv denied* 87 NY2d 806). Although Wackenhut produced evidence "articulating a legitimate, independent and nondiscriminatory reason for its action" (*Matter of Milonas v Rosa, supra,* at 826), the Commissioner's finding that the reason proffered was pretextual (*see, Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 939) is supported by substantial evidence. In addition, Wackenhut failed to prove that complainant did not exercise diligent efforts to mitigate her damages (*see, Matter of Walter Motor Truck Co. v New York State Human Rights Ap-*

*peal Bd.*, 72 AD2d 635, 636). Thus, the award of back pay was proper. (Executive Law Proceeding Transferred by Order of Supreme Court, Monroe County, Wisner, J.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.