■ MICHAEL MELNITZKY, Appellant, v NORTH FORK SAVINGS BANK, Respondent. [794 NYS2d 13]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered November 26, 2003, which granted defendant's motion pursuant to CPLR 3211 to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff challenges defendant's procedure in conducting inventory of several safe deposit boxes used by him to store what was previously determined to be marital property (*Melnitzky v Melnitzky*, 284 AD2d 240 [2001]). As we stated in *Melnitzky v LoPreto* (8 AD3d 4 [2004]) and most recently in *Melnitzky v Besobrasow* (14 AD3d 395 [2005]), any claims that were or could have been addressed in the matrimonial action regarding the inventory of the safe deposit boxes are barred, even if based on different theories or sought under a different remedy. Moreover, the claims for conversion and prima facie tort are time-barred (CPLR 214 [3], [4]). Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.