■ MICHAEL MELNITZKY, Appellant, v HSBC BANK USA, Respondent. [823 NYS2d 128]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 18, 2005, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Plaintiff is enjoined from commencing any further litigation in the courts of the State of New York arising from or related to his prior matrimonial action, including the manner in which the inventory of the contents of the safe deposit boxes was conducted or his right to the contents therein, without prior leave of Supreme Court of the applicable county. The Clerks of Supreme Court, New York and Bronx counties, and the Clerk of this Court, are directed to accept no filings from this plaintiff as to such matters without prior leave of their respective courts.

Plaintiff raises the identical issues raised and determined against him in the matrimonial action, specifically, the manner in which the inventory of the safe deposit boxes was conducted, and the respective rights of plaintiff and his ex-wife to the contents therein. Although plaintiff couches his complaint in terms of defendant bank's breach of fiduciary duties as bailee, fraud, breach of contract, and aiding and abetting conversion,

the gravamen of the action is that defendant bank, contrary to an order in the matrimonial action excluding plaintiff's attendance at the opening and inventorying of the boxes but permitting him to send a representative in his stead, improperly denied admittance to the representative. However, any complaint plaintiff has regarding the opening and inventorying of the boxes was or could have been raised in the matrimonial action, and are therefore barred (*see Melnitzky v North Fork Sav. Bank*, 17 AD3d 170 [2005]; *Melnitzky v Apple Bank for Sav.*, 19 AD3d 252 [2005]). Indeed, the affidavit of plaintiff's representative submitted in opposition to the motion was sworn to in 1998, i.e., during the pendency of the matrimonial action. We would add that the cause of action for conversion is time-barred (CPLR 214 [3]) and that the cause of action for prima facie tort fails to allege special damages (*see Curiano v Suozzi*, 63 NY2d 113, 117 [1984]). We have considered and rejected plaintiff's other arguments. Concur—Mazzarelli, J.P., Friedman, Gonzalez and Malone, JJ.