■ NECOLE R. ZAYATZ, Appellant, v WILLIAM B. COLLINS, ESQ., et al., Respondents, et al., Defendant. (Appeal No. 1.) [851 NYS2d 797]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered August 24, 2006. The order granted the motion of defendants William B. Collins, Esq. and Collins, Collins & Maxwell, L.L.P. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is reversed on the law without costs, the motion is denied and the complaint against defendants William B. Collins, Esq. and Collins, Collins & Maxwell, L.L.P. is reinstated.

Memorandum: Plaintiff and defendant Jacob P. Myles, her former husband, commenced a personal injury action prior to their divorce, seeking to recover damages for injuries sustained by Myles in a motor vehicle accident. They were represented in that action by defendants William B. Collins, Esq. and Collins, Collins & Maxwell, L.L.P. (collectively, attorney defendants). The personal injury action resulted in a settlement agreement pursuant to which an unallocated "up-front cash payment" was to be made payable to Myles, plaintiff and the attorney defendants, and Myles and plaintiff were to receive future periodic payments that were specifically allocated between them. Myles thereafter commenced an action for divorce against plaintiff, and a default judgment was entered based on plaintiff's failure to appear therein. In addition to dissolving the marriage, the judgment also distributed the parties' property and provided, inter alia, that Myles and plaintiff would each retain as their separate property their respective future periodic payments from the settlement of the personal injury action. Neither the judgment nor the Referee's report upon which it was based indicated whether the up-front cash payments from the settlement were allocated between Myles and plaintiff, but the judgment did provide that the bank account of Myles, containing money that he had received from the settlement of the personal injury action, was to remain his separate property. We affirmed the order denying plaintiff's motion to vacate the default judgment of divorce (*Myles v Zayatz*, 23 AD3d 1162 [2005]).

Plaintiff then commenced this action seeking damages resulting from, inter alia, Myles' alleged forgery of the drafts of the up-front cash payments from the settlement of the personal

injury action and the attorney defendants' alleged malpractice in allowing those payments to be distributed solely to Myles. According to plaintiff, she never executed the up-front cash payment drafts or authorized anyone to execute them on her behalf, nor did she receive any share of the up-front cash payments.

The attorney defendants moved for summary judgment dismissing the complaint against them on the grounds that the action is barred by the doctrine of collateral estoppel and is time-barred. With respect to the merits of the action, the attorney defendants contended that the settlement agreement in the personal injury action established that plaintiff was not entitled to any of the up-front cash payments. Myles moved for summary judgment dismissing the complaint against him on the grounds that the action is barred by the doctrines of res judicata and collateral estoppel. In appeal No. 1, plaintiff appeals from an order granting the motion of the attorney defendants and, in appeal No. 2, she appeals from an order granting the motion of Myles.

Addressing first the order in appeal No. 2, we conclude that Supreme Court properly granted the motion of Myles based on the doctrine of res judicata. "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). "As a general rule, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*id.*, quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Thus, res judicata applies "to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior [action]" (*Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399, 400 [2000]). Because plaintiff could have challenged the allocation, or lack thereof, of the up-front cash payments in the context of the divorce action (*see* Domestic Relations Law § 234; *Boronow v Boronow*, 71 NY2d 284, 289-290 [1988]; *see also Richmond v Richmond*, 144 AD2d 549, 551 [1988]; *DeMarco v DeMarco*, 143 AD2d 328, 331 [1988]), the doctrine of res judicata bars her instant action against Myles (*see generally Boronow*, 71 NY2d at 290).

With respect to the order in appeal No. 1, however, we conclude that the court erred in granting the motion of the attorney defendants. With respect to the doctrine of collateral estoppel, a party is precluded from relitigating an issue that has already been decided against that party (*see Matter of Juan C. v*

*Cortines*, 89 NY2d 659, 667 [1997]). A party seeking to invoke the doctrine of collateral estoppel "must prove, [inter alia], that the identical issue was necessarily decided in the prior action and is decisive in the present action" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Thus, while res judicata bars claims that were not actually decided in the prior action if they could have been decided in that action, collateral estoppel bars litigation of an issue only if that issue was "actually litigated, squarely addressed and specifically decided" in the prior action (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]; *see D'Arata*, 76 NY2d at 666-667; *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268 [1988]). Although the divorce judgment distributed Myles' bank account solely to Myles and that account contained proceeds from the up-front cash payments, the divorce judgment did not address whether those proceeds were properly allocated to Myles in the first instance. The attorney defendants thus failed to meet their burden of establishing that the identical issue, decisive in this action, was necessarily decided in the divorce action.

We further conclude that the attorney defendants failed to meet their initial burden of establishing that the action is time-barred (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), inasmuch as they failed to establish the date on which the up-front cash payment drafts were disbursed or executed. "[A]n action for malpractice accrues at the date of the malpractice, i.e., the date when the injury occurs," and here the attorney defendants failed to establish the date on which the alleged injury occurred (*Britt v Legal Aid Socy.*, 95 NY2d 443, 446 [2000]; *see generally Glamm v Allen*, 57 NY2d 87, 93 [1982]). Finally, the attorney defendants failed to meet their burden of establishing their entitlement to judgment as a matter of law on the merits (*see generally Zuckerman*, 49 NY2d at 562). Contrary to the contention of the attorney defendants, the transcripts concerning the settlement of the personal injury action do not indicate that the up-front cash payments were to be allocated solely to Myles and, indeed, as previously noted, the settlement agreement itself provided for the up-front cash payment to be made payable to Myles, plaintiff and the attorney defendants. We therefore reverse the order in appeal No. 1, deny the motion of the attorney defendants and reinstate the complaint against them.

All concur except Gorski and Pine, JJ., who dissent and vote to affirm in the following memorandum.

Gorski and Pine, JJ. (dissenting). We respectfully dissent and

would affirm because, in our view, Supreme Court properly granted the motion of defendants William B. Collins, Esq. and Collins, Collins & Maxwell, L.L.P. (collectively, attorney defendants) for summary judgment dismissing the complaint against them. We cannot agree with the majority that the doctrine of collateral estoppel does not apply to bar plaintiff's action against the attorney defendants. The issue whether plaintiff was entitled to a portion of the up-front cash payment was "actually litigated, squarely addressed and specifically decided" in the prior divorce action between plaintiff and defendant Jacob P. Myles (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]; *see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 665-667 [1990]; *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268 [1988]). Indeed, plaintiff conceded in her complaint that, after the attorney defendants paid themselves their legal fee, they "paid the entire balance of the settlement drafts . . . to Jacob P. Myles." It is undisputed that the judgment of divorce distributed Myles' brokerage account solely to Myles at the time of the divorce and that the proceeds in that brokerage account contained the funds from the disputed up-front cash payment, and the record establishes that the court in the divorce action awarded to Myles as his separate property all of the property in his name at the time of the divorce. Although plaintiff alleges that the attorney defendants committed legal malpractice, the gravamen of her complaint is merely that she is entitled to a portion of the up-front cash payment awarded to Myles in the divorce action. In our view, the second prong of the doctrine of collateral estoppel thus also is met, inasmuch as plaintiff "had a full and fair opportunity" in the divorce action to contest the issue of her entitlement to a portion of the up-front cash payment (*D'Arata*, 76 NY2d at 664; *see Melnitzky v HSBC Bank USA*, 33 AD3d 482, 482-483 [2006]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.