# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**741**

**TP 10-02283**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF SUSAN KRUSE, PETITIONER,

                           V                                   MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS, NEW
YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES/COLLINS CORRECTIONAL FACILITY, NEW
YORK STATE DEPARTMENT OF CIVIL SERVICE, AND
NEW YORK STATE, OFFICE OF STATE COMPTROLLER,
RESPONDENTS.

---

LAW OFFICE OF LINDY KORN, BUFFALO (LINDY KORN OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF
COUNSEL), FOR RESPONDENT NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES/COLLINS CORRECTIONAL FACILITY.

---

       Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Joseph R.
Glownia, J.], entered November 10, 2010) to review a determination of
respondent New York State Division of Human Rights.  The determination
found that respondent New York State Department of Correctional
Services/Collins Correctional Facility did not engage in unlawful
discriminatory practices.

       It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

       Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination of respondent New York State
Division of Human Rights that respondent New York State Department of
Correctional Services/Collins Correctional Facility (DOCS), her
employer, did not engage in unlawful discrimination and retaliation
with respect to her.  We note at the outset that, contrary to
petitioner's contention, the doctrine of collateral estoppel does not
apply to preclude DOCS from defending its actions as a result of a
prior arbitration award.  First, there was no identity of issue
necessary for application of that doctrine because the arbitration
proceeding concerned whether the allegedly unlawful actions by DOCS
violated the collective bargaining agreement between petitioner's
union and the State of New York (*see generally Parker v Blauvelt
Volunteer Fire Co.*, 93 NY2d 343, 349).  Second, the arbitrator

determined that certain adverse actions were not legitimate because petitioner had not been afforded her right to procedural due process, and he specifically declined to address the merits of the reasons advanced by DOCS for those actions.  "In properly seeking to deny a litigant two 'days in court,' courts must be careful not to deprive him [or her] of one" (*Matter of Reilly v Reed*, 45 NY2d 24, 28). Inasmuch as the arbitrator did not address the legitimacy of the reasons for the actions of DOCS, collateral estoppel does not apply (*see e.g. SF Holdings Group, Inc. v Kramer Levin Naftalis & Frankel LLP*, 56 AD3d 281, 282; *Tak Shing David Tong v Hang Seng Bank*, 210 AD2d 99, 99-100; *Matter of Valentino v American Airlines*, 131 AD2d 6, 9; *Lewis v Bendet*, 71 AD2d 913, 914).  Contrary to petitioner's remaining contentions, we conclude that the determination is supported by substantial evidence and thus must be confirmed (*see generally Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106).

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court