# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**459**
**CA 13-01332**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

MARY KALK BIELBY, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DANIEL MIDDAUGH, INDIVIDUALLY AND AS SHERIFF
OF ONEIDA COUNTY, PETER PARAVATI, INDIVIDUALLY
AND AS UNDERSHERIFF OF ONEIDA COUNTY SHERIFF'S
DEPARTMENT, THE ESTATE OF JAMES ENGLISH,
DECEASED, JOSEPH LISI, INDIVIDUALLY AND AS AN
EMPLOYEE OF ONEIDA COUNTY SHERIFF'S DEPARTMENT,
COUNTY OF ONEIDA, AND PATRICIA COPPERWHEAT,
INDIVIDUALLY AND AS AN EMPLOYEE OF ONEIDA COUNTY
SHERIFF'S DEPARTMENT, DEFENDANTS-RESPONDENTS.

---

BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GORMAN, WASZKIEWICZ, GORMAN & SCHMITT, UTICA (BARTLE J. GORMAN OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS DANIEL MIDDAUGH, INDIVIDUALLY AND AS SHERIFF
OF ONEIDA COUNTY, PETER PARAVATI, INDIVIDUALLY AND AS UNDERSHERIFF OF
ONEIDA COUNTY SHERIFF'S DEPARTMENT, COUNTY OF ONEIDA, AND PATRICIA
COPPERWHEAT, INDIVIDUALLY AND AS AN EMPLOYEE OF ONEIDA COUNTY SHERIFF'S
DEPARTMENT.

BARTH SULLIVAN BEHR, SYRACUSE (JAMES J. GRECO OF COUNSEL), FOR
DEFENDANT-RESPONDENT JOSEPH LISI, INDIVIDUALLY AND AS AN EMPLOYEE OF
ONEIDA COUNTY SHERIFF'S DEPARTMENT.

DAVID R. DIODATI, NEW HARTFORD, FOR DEFENDANT-RESPONDENT THE ESTATE OF
JAMES ENGLISH, DECEASED.

---

Appeal from an order and judgment (one paper) of the Supreme Court,
Oneida County (Erin P. Gall, J.), entered October 26, 2012. The order
and judgment granted the motions of defendants to dismiss the amended
complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by denying those parts of the motion
of defendants Daniel Middaugh, individually and as Sheriff of Oneida
County, Peter Paravati, individually and as Undersheriff of Oneida County
Sheriff's Department, County of Oneida, and Patricia Copperwheat,
individually and as an employee of the Oneida County Sheriff's Department
seeking dismissal of the seventh and eighth causes of action and
reinstating those causes of action of the amended complaint against those

defendants, and by denying the motion of defendant estate of James English and reinstating the amended complaint with respect to that defendant, and as modified the order and judgment is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages relative to the termination of her employment with the Oneida County Sheriff's Department (OCSD).  Plaintiff worked in an office of the OCSD as a secretary for defendant Peter Paravati, who was the Undersheriff of defendant County of Oneida (County), and her job duties required her to, inter alia, receive bail money delivered to her from the County jail by correction officers, including James English, and to prepare bail monies for deposit into the bail account.  Plaintiff was also required to prepare deposit slips for bail monies that she received.

In July 2001, defendant Joseph Lisi, an OCSD lieutenant, conducted an internal investigation into missing bail monies and, following that investigation, plaintiff admitted to falsifying bail account records. Plaintiff, who was by then represented by counsel, subsequently entered into an agreement with the Oneida County District Attorney's office pursuant to which she resigned her position effective July 16, 2001 and paid $16,827.74 to the County.  That payment represented the amount of the shortfall in the County's bail account calculated by defendant Patricia Copperwheat, an OCSD account supervisor.  In exchange for her resignation and the payment, plaintiff was allowed to—and ultimately did—plead guilty to one count of official misconduct, a class A misdemeanor (Penal Law § 195.00 [1]).  Defendants Daniel Middaugh, the Sheriff of the County, Paravati, the County and Copperwheat (collectively, County defendants) moved for an order dismissing the amended complaint against them pursuant to CPLR 3211 and CPLR 3212.  Defendant estate of James English also moved for summary judgment dismissing the amended complaint against it pursuant to CPLR 3212, while defendant Lisi made a separate motion seeking an order dismissing the amended complaint against him pursuant to CPLR 3211 and CPLR 3212.  Supreme Court granted the motions based on, inter alia, its conclusion that the action is barred by the doctrines of res judicata and collateral estoppel because an action that plaintiff had commenced in the United States District Court against Middaugh, Paravati, English, Lisi and the County was previously determined on the merits against plaintiff.  We conclude that those doctrines are inapplicable here, but we affirm parts of the order and judgment on other grounds (*see generally Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546).

With respect to res judicata, i.e., claim preclusion, we note that " 'a valid final judgment bars future actions between the same parties on the same cause of action' (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]).  'As a general rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" ' (*id.*, quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).  Thus, res judicata applies '. . . to issues which were or could have been raised in the prior [action]' (*Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399, 400 [2000])" (*Zayatz v Collins*, 48 AD3d 1287, 1289; *see Matter of Hunter*, 4 NY3d 260, 269).  Dismissal of an action by a federal court, however, does not have res judicata effect when the federal court declines to exercise its pendent jurisdiction over

related state law claims, or otherwise dismisses those claims without prejudice (*see McLearn v Cowen & Co.*, 60 NY2d 686, 688; *Britt v Buffalo Mun. Hous. Auth.*, 109 AD3d 1195, 1196; *cf. Troy v Goord*, 300 AD2d 1086, 1087).

Applying those rules here, we conclude that res judicata does not bar the state action. The District Court's decision in the federal action specifically states that the Court was declining supplemental, i.e., pendent, "jurisdiction over plaintiff's state law claims." We further conclude that the County's "transactional analysis approach" to this issue is without merit (*see generally Hunter*, 4 NY3d at 269).

Collateral estoppel, by contrast, precludes a party "from relitigating an issue that has already been decided against that party" (*Zayatz*, 48 AD3d at 1289; *see Tuper v Tuper*, 34 AD3d 1280, 1282). "Two requirements must be met before collateral estoppel can be invoked. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling . . . The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party . . . The party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (*Buechel v Bain*, 97 NY2d 295, 303-304, *cert denied* 535 US 1096 [internal citations omitted]).

Applying those rules here, we conclude that plaintiff is collaterally estopped from asserting only that part of the 11th cause of action asserting a claim for constructive discharge against the County. The 11th cause of action has two components, i.e., a claim for constructive discharge, and a claim for wrongful termination. "Constructive discharge occurs when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation" (*Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 621-622 [internal quotation marks omitted]; *see Thompson v Lamprecht Transp.*, 39 AD3d 846, 848) and, inasmuch as the District Court concluded in the federal action that plaintiff had "resigned because of the plea agreement resulting from her official misconduct (falsifying the bail account records)," we conclude that the claim for constructive discharge asserted in the 11th cause of action is barred by collateral estoppel (*see generally Buechel*, 97 NY2d at 303-304). We further conclude that the part of the 11th cause of action asserting a claim for wrongful termination is not barred by collateral estoppel. That claim is premised upon the theory that plaintiff was coerced into resigning, and "[a] resignation under coercion or duress is not a voluntary act and may be nullified" (*Matter of Mangee [Mamorella]*, 239 AD2d 892, 892; *see Matter of Gould v Board of Educ. of Sewanhaka Cent. High Sch. Dist.*, 81 NY2d 446, 451). The question whether plaintiff was coerced into resigning was not fully litigated in the federal action, and thus the doctrine of collateral estoppel does not apply to the claim for wrongful termination (*cf. Buechel*, 97 NY2d at 303-304).

We nevertheless affirm parts of the order and judgment on alternative grounds that the court rejected (*see Parochial Bus. Sys.*, 60 NY2d at 545-546; *Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130). We agree with the County defendants to the extent that they contend that plaintiff's failure to serve a notice of claim on the County requires dismissal of the tort claims against the County, including the claim for wrongful termination, and the negligence claims against Paravati and Copperwheat (*see* County Law § 52 [1]; General Municipal Law § 50-e; *Csaszar v County of Dutchess*, 95 AD3d 1009, 1010). We further conclude that the cause of action for intentional infliction of emotional distress should be dismissed as time-barred (*see* CPLR 215 [3]), and that plaintiff's constitutional tort claims fail to state a cause of action (*see Martinez v City of Schenectady*, 97 NY2d 78, 83-84; *cf.* Civil Service Law § 75-b). We also dismiss both plaintiff's cause of action for breach of her employment contract on the ground that plaintiff failed to proceed pursuant to her collective bargaining agreement (*see Matter of Board of Educ., Commack Union Free Sch. Dist. v Ambach*, 70 NY2d 501, 508, *cert denied* 485 US 1034), and plaintiff's cause of action against Middaugh, Paravati, Lisi and Copperwheat for tortious interference with plaintiff's employment contract (*see Lama Holding Co. v Smith Barney Inc.*, 88 NY2d 413, 424-425; *LaBarte v Seneca Resources Group*, 285 AD2d 974, 977). Plaintiff failed to state a claim for prima facie tort (*see generally Posner v Lewis*, 18 NY3d 566, 570 n 1; *Mancuso v Allergy Assoc. of Rochester*, 70 AD3d 1499, 1501), and we further conclude that plaintiff's negligence causes of action should be dismissed (*see Ciapa v Misso*, 103 AD3d 1157, 1158; *Alabisi v Bonda*, 262 AD2d 948, 948), and that the punitive damages claim should be dismissed as against all defendants except for the estate of James English (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613, 616-617; *cf. Englert v Schaffer*, 61 AD3d 1362, 1363).

In sum, only plaintiff's seventh and eighth causes of action, which allege that Middaugh, Paravati, and the County breached their agreement with plaintiff not to publish information about plaintiff's official misconduct, and plaintiff's causes of action against the estate of James English remain for trial, and we therefore modify the order and judgment accordingly.

Entered:  August 8, 2014                    Frances E. Cafarell
                                            Clerk of the Court