# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

351
CA 15-01004
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

NICHOLAS L. VASSENELLI, PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

CITY OF SYRACUSE, ET AL., DEFENDANTS,
POMCO GROUP, ALSO KNOWN AS POMCO, INC.,
AND SHARON MILLER, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

BOSMAN LAW FIRM, LLC, CANASTOTA (A.J. BOSMAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BARCLAY DAMON, LLP, SYRACUSE (ROBERT A. BARRER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered March 4, 2015. The order granted the motion of defendants POMCO Group, also known as POMCO, Inc., and Sharon Miller to dismiss the amended complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the third and fourth causes of action against defendants POMCO Group, also known as POMCO, Inc., and Sharon Miller, and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a disabled and retired police officer, commenced this action seeking damages for injuries he allegedly sustained in connection with the management of his health care benefits pursuant to General Municipal Law § 207-c. In appeal Nos. 1 through 4, plaintiff appeals from four orders that, respectively, granted defendants' motions seeking to dismiss the amended complaint against them pursuant to, inter alia, CPLR 3211 (a). The order in appeal No. 1 concerns the motion of defendant POMCO Group, also known as POMCO, Inc. (POMCO), and its employee, defendant Sharon Miller (collectively, POMCO defendants); the order in appeal No. 2 concerns defendant City of Syracuse (City) and current and former City officials and employees (collectively, City defendants); the order in appeal No. 3 concerns defendant PMA Management Corp. (PMA) and its employee, defendant Carol Wahl (collectively, PMA defendants); and the order in appeal No. 4 concerns defendant Sharon Eriksson.

POMCO, PMA and Eriksson each contracted with the City to manage plaintiff's health care services at various times, beginning in August

2009.  Plaintiff previously commenced an action in federal court against defendants, with the exception of the PMA defendants and City defendant Sergeant Michael Mourey.  That action ended in a judgment that dismissed with prejudice the federal causes of action, but dismissed the pendent state claims without prejudice to refile in a New York State court, and that judgment was affirmed (*Mullen v City of Syracuse*, 582 Fed Appx 58 [2d Cir 2014]).  While the federal appeal was pending, plaintiff commenced the instant action asserting causes of action for, inter alia, promissory estoppel, breach of contract, negligence, intentional and negligent infliction of emotional distress, and retaliation and discrimination under the Americans with Disabilities Act (ADA) (42 USC § 1201 *et seq.*) and the Rehabilitation Act of 1973 (29 USC § 701 *et seq.*).

We note that, contrary to defendants' contentions on appeal, Supreme Court properly determined that plaintiff is not barred by collateral estoppel from asserting the state law causes of action inasmuch as they were not " 'actually litigated, squarely addressed and specifically decided' " in the federal action (*Zayatz v Collins*, 48 AD3d 1287, 1290, quoting *Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826).  We also reject the contention of the City defendants that, pursuant to CPLR 205 (a), service was not timely made on three of the individual City defendants.  CPLR 205 (a) serves to extend the statute of limitations by a period of six months in the event that the statute of limitations has expired during the pendency of a prior action that has been dismissed but has not been terminated (*see Malay v City of Syracuse*, 25 NY3d 323, 327-329).  An action is terminated " 'when appeals as of right are exhausted' . . . or, when discretionary appellate review is granted, upon 'final determination' of the discretionary appeal" (*id.* at 328).  Here, service on those defendants was made before the prior action was terminated.

We conclude with respect to each of the four appeals that the court erred in granting those parts of the motions seeking dismissal of the third and fourth causes of action, alleging negligence and gross negligence, on the ground that none of the defendants owed a duty to plaintiff.  We therefore modify the order in each appeal accordingly.  It is axiomatic that, "[w]hen a court rules on a CPLR 3211 motion to dismiss, it 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' . . . The motion may be granted if 'documentary evidence utterly refutes [the] plaintiff[s'] factual allegations' . . . , thereby 'conclusively establishing a defense as a matter of law' " (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63; *see Leon v Martinez*, 84 NY2d 83, 87-88).

Addressing first the motion of the City defendants, we note that plaintiff alleged that the City defendants denied payment for medications and therapy treatments prescribed by his treating physicians, and substituted their judgment for the medical necessity of those medications and therapy treatments for those of his treating

physicians.  In addition, plaintiff alleged that the City defendants
made determinations regarding who would provide the 24-hour care
plaintiff required, and that the City defendants' decisions caused him
harm.  Accepting these allegations as true (*see Leon*, 84 NY2d at 87-
88), we conclude that the amended complaint alleges that the City
defendants assumed a duty to plaintiff regarding management of his
health care, which it breached, and which caused him injury in the
form of declining health.  In other words, plaintiff alleged that the
actions of the City defendants "placed [him] in a more vulnerable
position than [he] would have been in" had the City defendants paid
the bills submitted to it from plaintiff's treatment providers as they
had prior to August 2009 (*Heard v City of New York*, 82 NY2d 66, 72,
*rearg denied* 82 NY2d 889).

With respect to the motions of the POMCO defendants, the PMA
defendants and Eriksson, plaintiff alleged that their actions deprived
him of appropriate medical care based upon their respective
recommendations to the City defendants regarding what constituted
appropriate medical care.  He further alleged that those defendants
failed to provide the requisite 24-hour care, which resulted in
plaintiff sustaining injuries from falls and missing medical and
therapy appointments.

It is well established that there are situations in which "a
party who enters into a contract to render services may be said to
have assumed a duty of care--and thus be potentially liable in
tort--to third persons:  [i.e.,] where the contracting party, in
failing to exercise reasonable care in the performance of [the
party's] duties, 'launche[s] a force or instrument of harm' " (*Espinal
v Melville Snow Contrs.*, 98 NY2d 136, 140), and thereby "creates an
unreasonable risk of harm to others, or increases that risk" (*Church v
Callanan Indus.*, 99 NY2d 104, 111).  Indeed, "[t]his principle
recognizes that the duty to avoid harm to others is distinct from the
contractual duty of performance" (*Landon v Kroll Lab. Specialists,
Inc.*, 22 NY3d 1, 6, *rearg denied* 22 NY3d 1084).  Accepting plaintiff's
allegations as true (*see Leon*, 84 NY2d at 87-88), we conclude that the
amended complaint alleges that those defendants assumed a duty of care
to plaintiff and that, in failing to exercise reasonable care in the
performance of their duties, they increased the risk of harm to
plaintiff.  We note that, contrary to the contention of the PMA
defendants, their contract with the City does not bar this action.  By
the plain terms of that contract, PMA did not contract to administer
section 207-c benefits for disabled police officers but, instead,
contracted to administer workers' compensation benefits and section
207-a benefits for disabled firefighters.

We further conclude that, although the court properly dismissed
the remaining causes of action against the POMCO defendants, the PMA
defendants and Eriksson, the court erred in granting those parts of
the motion of the City defendants with respect to the first, second
and 8th through 12th causes of action.  We therefore further modify
the order in appeal No. 2 accordingly.

With respect to the first cause of action, for promissory estoppel, we note that the elements of that cause of action are "a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise" (*Zuly v Elizabeth Wende Breast Care, LLC*, 126 AD3d 1460, 1461, *amended on rearg* 129 AD3d 1558 [internal quotation marks omitted]).  Plaintiff alleged that, based on his reliance on the City defendants' payment for services and medications prior to August 2009, he failed to apply for Medicare Part B benefits when he became eligible to do so, thereby requiring the payment of significant penalties.  Although "[a]s a general rule, estoppel may not be invoked against a governmental body to prevent it from performing its statutory duty or from rectifying an administrative error . . . [, a]n exception to the general rule is 'where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his [or her] position to his [or her] detriment or prejudice' " (*Agress v Clarkstown Cent. Sch. Dist.*, 69 AD3d 769, 771).  Accepting plaintiff's allegations as true (*see Leon*, 84 NY2d at 87-88), we conclude that the amended complaint alleges a cause of action for promissory estoppel against the City defendants.

With respect to the second cause of action, for breach of contract, we conclude that the City defendants failed to meet their burden in support of that part of their motion.  Because the City defendants failed to provide a copy of the relevant collective bargaining agreement (CBA), they failed to refute plaintiff's allegations that he has a vested right to health benefits pursuant to section 207-c (*see Kolbe v Tibbetts*, 22 NY3d 344, 353), and that the City defendants violated the CBA by reducing his health benefits (*see generally Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326-327).

With respect to the 8th through 12th causes of action, for retaliation pursuant to the ADA and the Rehabilitation Act, it is undisputed that the causes of action alleging retaliation were dismissed with prejudice in the federal action.  In his amended complaint, however, plaintiff alleges violations of those Acts based upon conduct that was not alleged as part of the federal action.  In fact, the conduct is alleged to have occurred during the pendency of the appeal from the District Court's judgment on August 5, 2013, i.e., from April 2014 through August 2014, well after the conduct alleged in the complaint in the federal action.  Thus, we agree with plaintiff that the court erred in determining that those causes of action are barred by collateral estoppel (*see Zayatz*, 48 AD3d at 1289-1290).

We reject plaintiff's contention that the court erred in granting the motion of the City defendants with respect to the seventh cause of action insofar as it alleges intentional infliction of emotional distress against the City defendants.  The allegations contained in the complaint " 'fall far short' " of the requisite extreme and outrageous behavior necessary for a cause of action alleging intentional infliction of emotional distress (*Gilewicz v Buffalo Gen. Psychiatric Unit*, 118 AD3d 1298, 1299-1300).  Finally, by failing to

raise on appeal any contention with respect to the remaining causes of action or claims alleged in the amended complaint, plaintiff has abandoned any such contentions (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  April 29, 2016                          Frances E. Cafarell
                                                  Clerk of the Court