# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**310**
**TP 16-01391**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF AMG MANAGING PARTNERS, LLC,
MICHAEL ARONICA AND MICHAEL GIANGRECO,
PETITIONERS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS, BRITTANY
FRAGALE, RESPONDENTS-PETITIONERS,
AND JOHN SUPPA, RESPONDENT.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR PETITIONERS-RESPONDENTS.

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR RESPONDENT-PETITIONER NEW YORK STATE DIVISION OF HUMAN RIGHTS.

CHRISTOPHER D. GALASSO, WILLIAMSVILLE, FOR RESPONDENT-PETITIONER BRITTANY FRAGALE.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered May 26, 2016) to review a determination of respondent-petitioner New York State Division of Human Rights. The determination, among other things, ordered petitioners-respondents Michael Aronica and Michael Giangreco and respondent John Suppa to pay respondent-petitioner Brittany Fragale the sum of $65,000 for compensatory damages incurred as a result of discriminatory actions.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by reducing the award of compensatory damages for mental anguish and humiliation to $25,000, and as modified the determination is confirmed without costs, and the cross petitions are granted in part and petitioners-respondents and respondent John Suppa are directed to pay respondent-petitioner Brittany Fragale the sum of $25,000 with interest at the rate of 9% per annum, commencing February 5, 2016, to pay respondent-petitioner Brittany Fragale $5,720 in lost wages with interest at the rate of 9% per annum, commencing February 5, 2016, and to pay the State of New York a civil penalty in the amount of $15,000 with interest at the rate of 9% per annum, commencing February 5, 2016, and petitioners-respondents and Suppa are directed to attend a training session in the prevention of unlawful discrimination.

Memorandum:  Respondent-petitioner Brittany Fragale (complainant) filed a complaint in March 2014 with respondent-petitioner New York State Division of Human Rights (Division), alleging unlawful discriminatory practices against her employer, petitioner-respondent AMG Managing Partners, LLC (AMG) and its two principals, petitioner-respondent Michael Aronica and petitioner-respondent Michael Giangreco (collectively, petitioners), as well as against respondent John Suppa. Following the Division's determination that it had jurisdiction over the complaint and that probable cause existed to believe that petitioners and Suppa had engaged in unlawful discriminatory practices, the matter was referred to a public hearing pursuant to Executive Law § 297.  At the conclusion of the hearing, the Commissioner of the Division (Commissioner) adopted in large part the recommended findings of fact, opinion and decision, and order of the Administrative Law Judge (ALJ) and ordered petitioners and Suppa to pay complainant $5,720 in lost wages and $65,000 for mental anguish and humiliation.  The Commissioner also ordered petitioners and Suppa to pay a $15,000 civil penalty and to attend an unlawful discrimination training seminar.  Petitioners seek to vacate, annul, and set aside the Commissioner's order.  The Division and complainant have each cross-petitioned for enforcement of the Commissioner's order.  We deny the petition in part and grant the cross petitions in part.

Contrary to petitioners' contentions, the determinations that complainant was subjected to a hostile work environment (*see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 50-51, *lv denied* 89 NY2d 809), that petitioners Aronica and Giangreco were informed of the sexually inappropriate conduct directed toward complainant and condoned that conduct (*see Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687; *Father Belle Community Ctr.*, 221 AD2d at 53), and that complainant was constructively discharged from employment (*see Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 621-622; *Bielby v Middaugh,* 120 AD3d 896, 899) are supported by substantial evidence (*see generally Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182).  That complainant may have used sexually inappropriate language or engaged in sexually inappropriate conduct with a longtime personal friend who worked in the same office does not preclude a finding of hostile work environment inasmuch as the relevant inquiry is "whether [complainant] welcomed the particular conduct in question from the alleged harasser[s]" (*Swentek v USAir, Inc.*, 830 F2d 552, 557).  As the Court in *Swentek* held, complainant's "use of foul language or sexual innuendo in a consensual setting does not waive 'her legal protections against unwelcome harassment' " (*id.; see Danna v New York Tel. Co.*, 752 F Supp 594, 612).

The ALJ, "after a full consideration of many factors, including [complainant's] character and possible self-interest, decided to credit [her] testimony and reject that of [an opposing witness].  In our view, those credibility determinations are unassailable and the testimony thus credited provided substantial evidence for the

determinations under review" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443).

Contrary to petitioners' further contention, "the award of damages for lost wages is reasonably related to the discriminatory conduct . . . and thus there is no reason to disturb the determination of the Commissioner with respect thereto" (*Matter of New York State Div. of Human Rights v Independent Auto Appraisers, Inc.*, 78 AD3d 1541, 1542; *see Matter of Beame v DeLeon*, 87 NY2d 289, 297). Moreover, petitioners, who had the burden of proof on the issue of mitigation of damages (*see Matter of Walter Motor Truck Co. v New York State Human Rights Appeal Bd.*, 72 AD2d 635, 636), "failed to prove that complainant did not exercise diligent efforts to mitigate her damages" (*Matter of New York State Div. of Human Rights v Wackenhut Corp.*, 248 AD2d 926, 926, *lv denied* 92 NY2d 812). Moreover, we conclude that petitioners have failed to establish that the civil penalty assessed against them was " 'an abuse of discretion as a matter of law' " (*Matter of County of Erie v New York State Div. of Human Rights*, 121 AD3d 1564, 1566, quoting *Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854).

In challenging the award for mental anguish and humiliation, petitioners rely heavily on the fact that complainant failed to submit documentary evidence to corroborate her testimony that she sought counseling 33 times in the four months following her constructive discharge. Contrary to petitioners' contention, such testimony does not require corroboration inasmuch as proof of mental anguish "may be established through the testimony of the complainant alone" (*Cullen v Nassau County Civ. Serv. Commn.*, 53 NY2d 492, 497; *see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 216).

We agree with petitioners, however, that the award for mental anguish and humiliation is excessive. "In reviewing an award for mental anguish and humiliation, the court should 'determine whether the relief was reasonably related to the wrongdoing, whether the award was supported by evidence before the Commissioner, and how it compared with other awards for similar injuries' " (*Father Belle Community Ctr.*, 221 AD2d at 57). We conclude that, although the relief granted herein was reasonably related to the wrongdoing, the amount of the award is inappropriate when compared to other awards for similar injuries. While petitioners' conduct was "unquestionably reprehensible[,] . . . 'care must be taken to insure that the award is compensatory and not punitive in nature' " (*Matter of New York State Div. of Human Rights v Young Legends, LLC*, 90 AD3d 1265, 1269-1270). Based on the evidence in this case, including evidence of complainant's own sexually inappropriate conduct at the workplace, the short duration of the conduct, and the severity of the conduct, we conclude that the Commissioner's award is excessive and must be reduced to $25,000 (*see id.* at 1270; *Matter of State of New York v New York State Div. of Human Rights*, 284 AD2d 882, 884; *cf. Father Belle Community Ctr.*, 221 AD2d at 57-58).