Wiltberger v Allen (2024 NY Slip Op 01635)

Wiltberger v Allen

2024 NY Slip Op 01635

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

152 CA 23-01176

[*1]VIRGINIA WILTBERGER, AS TRUSTEE AND BENEFICIARY OF THE WALTER N. WELSCH 2006 IRREVOCABLE TRUST, PLAINTIFF-APPELLANT,
v
TIMOTHY ALLEN, BEVERLY BRITZZALARO, LOUISE MACVIE AND TERRENCE WELSCH, AS TRUSTEES OF THE WALTER N. WELSCH 2006 IRREVOCABLE TRUST, AND CHARLES W. CHIAMPOU, AS TRUST PROTECTOR OF THE WALTER N. WELSCH 2006 IRREVOCABLE TRUST, DEFENDANTS-RESPONDENTS. 

LIPPES MATHIAS LLP, BUFFALO (BRENDAN H. LITTLE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
PHILLIPS LYTLE LLP, BUFFALO (JOSHUA GLASGOW OF COUNSEL), FOR DEFENDANTS-RESPONDENTS TIMOTHY ALLEN, BEVERLY BRITZZALARO, LOUISE MACVIE AND TERRENCE WELSCH, AS TRUSTEES OF THE WALTER N. WELSCH 2006 IRREVOCABLE TRUST. 
ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (JOSEPH E. ZDARSKY OF COUNSEL), FOR DEFENDANT-RESPONDENT CHARLES W. CHIAMPOU, AS TRUST PROTECTOR OF THE WALTER N. WELSCH 2006 IRREVOCABLE TRUST. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered January 27, 2023. The order, insofar as appealed from, denied the motion of plaintiff to compel the production of documents. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the first ordering paragraph is vacated, the motion to the extent that it sought an in camera review is granted and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of fiduciary duty. During discovery, defendants withheld documents set forth in a "privilege log" (withheld documents) on the ground that the documents were protected from disclosure. Plaintiff moved for, inter alia, an order compelling defendants to produce those documents and a determination that the asserted protections do not apply to the documents. Supreme Court denied plaintiff's motion without conducting an in camera review of the withheld documents on the ground that it had already determined one or more of the asserted protections applied to the documents in a prior action involving the parties. Plaintiff appeals from the resulting order insofar as it denied the motion. We conclude that the court erred in denying the motion to the extent that it sought an in camera review of the withheld documents to determine if any of those documents are subject to disclosure.
We agree with plaintiff that the court abused its discretion in summarily denying the motion on the basis that it had previously ruled that the withheld documents were protected from disclosure in a prior action involving the parties. Collateral estoppel bars relitigation of an issue when "the identical issue necessarily [was] decided in the prior action and [is] decisive of the present action, and . . . the party to be precluded from relitigating the issue [had] a full and fair opportunity to contest the prior determination" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [*2][1985]; see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]). Preclusion of an issue occurs only if that issue was " 'actually litigated, squarely addressed and specifically decided' " in the prior action (Zayatz v Collins, 48 AD3d 1287, 1290 [4th Dept 2008] [emphasis added]). While in the prior action the court denied a motion to compel the identical documents contained in the privilege log, the court did not specifically address whether the withheld documents were protected and which protection, such as attorney-client privilege, applied to each document. Thus, there is no evidence that the identical issue, decisive in this action, was necessarily decided in the prior action (see generally id.; cf. generally Marullo v Amchem Prods., Inc., 200 AD3d 422, 422 [1st Dept 2021]). We therefore reverse the order insofar as appealed from, vacate the first ordering paragraph, and grant the motion insofar as it sought in camera review of the withheld documents, and we remit the matter to Supreme Court to determine the motion with respect to the withheld documents following an in camera review thereof.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court