Winter v Town of New Hartford Cent. Sch. Dist. (2025 NY Slip Op 04344)

Winter v Town of New Hartford Cent. Sch. Dist.

2025 NY Slip Op 04344

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

459 CA 24-02026

[*1]JOHN PATRICK WINTER, PLAINTIFF-APPELLANT,
v
TOWN OF NEW HARTFORD CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION OF TOWN OF NEW HARTFORD CENTRAL SCHOOL DISTRICT, COSIMO TANGORRA, JR., ED.D., SCOTT GAFFNEY, DIRECTOR OF TRANSPORTATION, MARY MANDEL, ASSISTANT SUPERINTENDENT, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 2.) 

NORMAN P. DEEP, CLINTON, FOR PLAINTIFF-APPELLANT. 
FERRARA FIORENZA PC, EAST SYRACUSE (CHARLES C. SPAGNOLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from a judgment of the Supreme Court, Oneida County (James P. McClusky, J.), entered October 22, 2024 in an action seeking damages for employment discrimination and violation of the Human Rights Law. The judgment dismissed the amended complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated.
Memorandum: Plaintiff, a bus driver previously employed by defendant Town of New Hartford Central School District (District), commenced this action seeking, among other things, to recover damages based on allegations that defendant violated the Human Rights Law (Executive Law § 290 et seq.) by engaging in age discrimination against him, and violated article 1, § 8 of the New York State Constitution by retaliating against him for, among other things, complaining about failures to follow certain safety precautions. Prior to the commencement of this action, the District had terminated plaintiff's employment, and thereafter plaintiff's union filed a grievance on his behalf. The matter ultimately proceeded to arbitration to determine whether the District had just cause to discipline plaintiff under the terms of the collective bargaining agreement between the District and plaintiff's union and, if so, whether termination or some other discipline was appropriate. The arbitrator concluded, following a hearing, that the District had just cause to terminate plaintiff.
While the arbitration was pending, plaintiff commenced this action. Prior to discovery, defendants-respondents (defendants) moved for, among other things, summary judgment dismissing the amended complaint. In support of the motion, defendants argued that plaintiff's claims were collaterally estopped as a result of the arbitration award. Supreme Court effectively agreed with defendants and granted the motion insofar as it sought summary judgment. Plaintiff appeals from the judgment dismissing the amended complaint, and we reverse.
We conclude that the court erred in granting the motion to the extent that it sought summary judgment based upon the application of collateral estoppel. It is well settled that there are " 'but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling' " (Zoeller v Lake Shore Sav. Bank, 140 AD3d [*2]1601, 1602 [4th Dept 2016]). "The party seeking to invoke collateral estoppel has the burden of showing the identity of the issue, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Bonner v Lynott, 203 AD3d 1526, 1531 [3d Dept 2022]; see Bielby v Middaugh, 120 AD3d 896, 898-899 [4th Dept 2014]).
Here, defendants failed to establish identity of issue necessary for application of that doctrine inasmuch as "the arbitration proceeding concerned whether the allegedly unlawful actions by [the District] violated the collective bargaining agreement between [the] union and the District" and did not address plaintiff's claims of discrimination or retaliation (Matter of Kruse v New York State Div. of Human Rights, 85 AD3d 1609, 1609 [4th Dept 2011]; see Mouscardy v Consolidated Edison Co. of N.Y., Inc., 185 AD3d 579, 581 [2d Dept 2020]). We therefore reverse the judgment, deny the motion, and reinstate the amended complaint. Plaintiff's remaining contentions are academic in light of the foregoing.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court